***NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10248 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00506-SRB-4 |
| v. | |
| ABRAHAM FLORES-ANGELES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted September 10, 2012**
Las Vegas, Nevada

Before: ARNOLD, RAWLINSON, and BYBEE, Circuit Judges.

Appellant Abraham Flores-Angeles ("Flores-Angeles") appeals his

conviction and sentence for violations of 18 U.S.C. § 1203 (Hostage Taking and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Morris S. Arnold, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

Conspiracy to Commit Hostage Taking), 18 U.S.C. § 924(c)(1)(A) (Possessing, Using, and Carrying a Firearm During and in Relation to a Crime of Violence), and 8 U.S.C. § 1324(a)(1)(A)(iii) (Harboring Illegal Aliens). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flores-Angeles argues that the district court abused its discretion by (1) excluding I-213 immigration forms from evidence, and failing to allow Flores-Angeles to use these forms to cross-examine witnesses; and (2) imposing on Flores-Angeles a sentence of 132 months imprisonment.

A district court abuses its discretion "when it makes an error of law, [when it] rests its decision on clearly erroneous findings of fact, or when we are left with a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Hinkson*, 585 F.3d 1247, 1283 (9th Cir. 2009) (internal quotation marks omitted). Even applying this normal abuse of discretion standard rather than the plain error standard advocated by the Appellee, the district court did not abuse its discretion in excluding the immigration forms from evidence. Defense counsel's explanation of the forms' relevance, even assuming it was offered in a timely manner, does not convince us that the district court erred.

The district court also did not abuse its discretion in sentencing Flores-Angeles to 132 months in prison. *See United States v. Ressam*, 679 F.3d 1069,

2

1089 (9th Cir. 2012) (en banc) (explaining that a sentence is reasonable if "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)") (internal quotation marks omitted).

AFFIRMED.